**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOANN LIU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ARS NATIONAL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>NOTICE OF REMOVAL</u>**

Defendant, ARS NATIONAL SERVICES, INC., through its undersigned counsel, and for its Notice of Removal pursuant to 28 U.S.C. §1441(a) and 1446, and in support thereof, states as follows:

1.     On or about April 29, 2021, plaintiff filed a putative class action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, which was captioned *Joann Liu v. ARS National Services, Inc.*, and docketed at Case No. 2021 CH 02089. A copy of the state court complaint ("Complaint") is attached hereto as Exhibit A.

2.     On May 3, 2021, plaintiff served a Summons and Complaint on defendant. A copy of the Summons and Affidavit of Service is attached as Exhibit B. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after service of the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

3.     The Complaint asserts a federal cause of action against defendant for purported violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4.     This Notice was filed with the Clerk of the United States District Court within thirty (30) days after service of the Complaint upon the defendant. 28 U.S.C. § 1446(b).

5.     28 U.S.C. §1441(b) provides as follows:

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.

6.     The United States District Court for the Northern District of Illinois has federal question jurisdiction over these claims due to the fact that the allegations against defendant contained in the complaint arise under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331.

7.     In the complaint, plaintiff seeks recovery under the FDCPA, the only statute referenced in the complaint.

8.     Therefore, the complaint on its face initially invokes federal question jurisdiction in this Court.

9.     On April 21, 2021, the Eleventh Circuit decided *Hunstein v. Preferred Collection Management Services, Inc.*, 994 F.3d 1341 (11th Cir. 2021). The complaint in *Hunstein* contains similar allegations to plaintiff's allegations in this case. The Eleventh Circuit concluded that the named plaintiff in *Hunstein* possessed Article III standing based upon those allegations.

10.     *Hunstein* does not appear to be consistent with the law in the Seventh Circuit. *See Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019); *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020); *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020); *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282 (7th Cir. 2020); *Gunn v.*

2

1041819\308278364.v1

*Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067 (7th Cir. 2020); *Nettles v. Midland Funding LLC*, 983 F.3d 896 (7th Cir. 2020); *Smith v. GC Servs. Ltd. P'ship*, 986 F.3d 708, 711 (7th Cir. 2021); *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041 (7th Cir. 2021); *Markakos v. Medicredit, Inc.*, 2021 U.S. App. LEXIS 14339 (7th Cir. 2021).

11.     Defendant disagrees with *Hunstein* and asserts that *Hunstein* was incorrectly decided.  On May 26, 2021, the defendant-appellee in *Hunstein* filed a petition for *en banc* review concerning Article III standing and on the merits. The petition remains unresolved as of deadline to remove the instant case.

12.     Based on the foregoing, defendant is entitled to remove this action in good faith to this Court under 28 U.S.C. §§ 1441 *et seq.* and 1446 *et seq.*

13.     Concurrent with the filing of this Notice of Removal, defendant is filing a Notice of Filing Notice of Removal with the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

WHEREFORE, defendant, ARS NATIONAL SERVICES, INC., respectfully requests that this case proceed in this court as an action properly removed to it.

Respectfully submitted,

HINSHAW & CULBERTSON LLP


*s/ Todd P. Stelter*
_____

1041819\308278364.v1

                                          Todd P. Stelter

                                          One of Defendant's Attorneys

Todd P. Stelter
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
312/704-3966
312/704-3001 – facsimile
tstelter@hinshawlaw.com

4

1041819\308278364.v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOANN LIU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ARS NATIONAL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I, Todd P. Stelter, an attorney, certify that I shall cause to be served a copy of **Notice of Removal** upon the below listed individual(s), by deposit in the U.S. mail, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, on **June 2, 2021.**

☒ CM/ECF                         *To All Parties of Record*
☐ Facsimile
☐ Federal Express
☐ Regular U.S. Mail
☐ Messenger
☐ E-Mail
                                  HINSHAW & CULBERTSON LLP

Todd P. Stelter                   s/ *Todd P. Stelter*
HINSHAW & CULBERTSON LLP          Todd P. Stelter
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
312/704-3966
312/704-3001 – facsimile
tstelter@hinshawlaw.com

1041819\308278364.v1