# EXHIBIT A

Hearing Date: 8/27/2021 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
         Cook County, IL

FILED
4/29/2021 3:46 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02089

FILED DATE: 4/29/2021 3:46 PM   2021CH02089

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| JOANN LIU, on behalf of Plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) 2021CH02089 ) |
| ARS NATIONAL SERVICES, INC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Joann Liu brings this action to secure redress regarding unlawful collection practices engaged in by Defendant ARS National Services, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

3. Personal jurisdiction in Illinois is proper because Defendant's collection letters were sent into Illinois.

4. Venue in Cook County is proper under 735 ILCS 5/2-102.

### PARTIES

#### Plaintiff

5. Plaintiff Joann Liu is a natural person residing in Lombard, Illinois.

#### Defendant

6. Defendant ARS National Services, Inc., is a corporation chartered under the law of California with its principal place of business at 270 West 2nd Ave., Escondido, CA 92025. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai

-1-

Stevenson Drive, Springfield, IL 62703.

7. Defendant ARS National Services, Inc. is engaged in the sole or principal business of a collection agency, collecting consumer debts and using the mails and telephone system for that purpose.

8. Upon information and belief, almost all of Defendant ARS National Services, Inc.'s resources are devoted to debt collection.

9. Upon information and belief, almost all of Defendant ARS National Services, Inc.'s revenue is derived from debt collection.

10. Upon information and belief, almost all of Defendant ARS National Services, Inc.'s expenses are related to debt collection.

11. Defendant ARS National Services, Inc., describes itself as "a proven leader in the account receivables management industry." (https://www.arsnational.com/)

12. Defendant ARS National Services, Inc. is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects debts for others.

## FACTUAL ALLEGATIONS

13. This action arises out of Defendant's attempts to collect a credit card debt incurred for personal, family or household purposes.

14. On or about June 4, 2020, Defendant ARS National Services, Inc. caused a letter vendor to send Plaintiff the letter in Exhibit A.

15. On or about July 15, 2020, Defendant ARS National Services, Inc. caused a letter vendor to send Plaintiff the letter in Exhibit B.

16. The letters bear markings that are characteristic of letters generated by a letter

FILED DATE: 4/29/2021 3:46 PM 2021CH02089

vendor.

17. In order to have the letter vendor send Plaintiff the letters, Defendant had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

18. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

19. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

20. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

21. Defendant's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

22. Plaintiff never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

23. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

24. The letter vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

-3-

25. Due to Defendant's communication to this letter vendor, information about Plaintiff is within the possession of an unauthorized third-party.

26. If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

27. Defendant unlawfully communicates with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

28. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

## COUNT I – FDCPA

29. Plaintiff incorporates paragraphs 1-28.

30. Defendant violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff's purported debt to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

31. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt – disclosing personal information about Plaintiff to third parties not expressly authorized under the FDCPA.

## CLASS ALLEGATIONS

32. Plaintiff brings this action on behalf of a class.

33. The class consists of (a) all individuals in Illinois (b) with respect to whom Defendant had a letter prepared and sent by a letter vendor (c) which letter was sent at any time

-4-

FILED DATE: 4/29/2021 3:46 PM 2021CH02089

during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

34. Plaintiff may alter the class definition to conform to developments in the case and discovery.

35. On information and belief, based on the size of Defendant's business operations and the use of form letters, there are more than 40 members of the class, and the class is so numerous that joinder of all members is not practicable.

36. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant's practice as described above violates the FDCPA.

37. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38. A class action is appropriate for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

FILED DATE: 4/29/2021 3:46 PM 2021CH02089

      iii.    Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Dulijaza (Julie) Clark (ARDC 6273353)
Samuel Park (ARDC 6333176)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com